Simon Cirineo Abrajan HERNANDEZ
and Maria Teresa Abrajan,
Petitioners,

v.

Peter D. KEISLER,* Acting Attorney
General, Respondent.

No. 07–70859.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2007.**

Filed Oct. 18, 2007.

Simon Cirineo Abrajan Hernandez, El Monte, CA, pro se.

Maria Teresa Abrajan, El Monte, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Oil, Richard M. Evans, Esq., DOJ—U.S. Department of Jus-

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, THOMAS and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

Petitioner's motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

This is a petition for review of the Board of Immigration Appeals' ("BIA") decision denying petitioners' request to reissue the BIA's July 22, 2004 decision affirming the immigration judge's denial of cancellation of removal. After review of the filings and the record in this case, this court finds the petition for review is appropriate for summary disposition. The BIA did not abuse its discretion by denying petitioners' motion to reissue its prior decision. *Cf. Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004).

All other pending motions are denied as moot. The temporary stay of removal remains in effect pending issuance of the mandate.

## PETITION FOR REVIEW DENIED.

PREGERSON, Circuit Judge, dissenting:

I dissent. This case, and the 60 others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process by forcing children either to suffer de facto expulsion from the country of their birth or forego their constitutionally-protected right to remain in this country with their family intact. *See, e.g., Moore v. City of East Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the 14th Amendment").

Furthermore, as a nation we should recognize that many who came here illegally and many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.

As I have said before, "I pray that soon the good men and women in our Congress will ameliorate the plight of families like the [petitioners] and give us humane laws that will not cause the disintegration of such families." *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1015 (9th Cir.2005).

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.